(No. 39429.—

FRANK C. ABT, d/b/a FRANK'S ICE CREAM VENDING CARTS, Appellant, *vs.* THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed March 24, 1966.*

LEE C. KORBAKES, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County in an administrative review proceeding affirming a decision of the Department of Revenue finding liability against the plaintiff, Frank C. Abt, under the Retailers' Occupation Tax Act.

Plaintiff operates an ice cream business. He purchases the manufactured product and stores it at two locations in Chicago. Ice cream is packed in small conveyances (carts, motor scooters and bike units) each morning and is then peddled and sold from the vehicles by boys 14 years old and upward. The vehicles are furnished by plaintiff. He

supplies the gas to operate the motor scooters and pays the license fees required of vendors. Some of the boys pay cash and others are charged with the amount taken out. Settlement is made each day, and the unsold packages are returned in the evening for refund or credit. The evidence is conflicting relative to assignment of territories, but a fair reading of the record indicates that some degree of control over territories is retained and exercised by plaintiff.

Each boy, or his parents on his behalf, signed identical instruments furnished by plaintiff designated "Consignment Agreement," paragraph 4 of which reads: "It is further understood that no compensation of any kind shall be due from either party to the other and that no employer-employee relationship exists between vendor and distributor. Said Vendor further agrees not to hold himself out to the public as an employee of said distributor and understands that said distributor is not liable for injuries or damages to said vendor or to third persons."

From the foregoing evidence, plaintiff contends that sections 1 and 2 of the act, (Ill. Rev. Stat. 1963, chap. 120 pars. 440 and 441,) are inapplicable because the ice-cream products involved in the transactions (except sales from a truck which are admittedly taxable) were not for use or consumption but were transferred to the boys for resale by them. He recognizes the conflict in the testimony but relies heavily on the quoted paragraph of the agreement to sustain his position that no employer-employee relationship exists.

As noted in *Gladstone Cab Co. v. Donnelly,* 30 Ill.2d 465, we must look to the substance rather than the form of a transaction, and the categorization given to a relationship by the interested parties is not conclusive of the nature of the relationship. There, an agreement between the taxicab company and the drivers specifically provided that no employer-employee relationship existed between the parties. In holding that the cab company was liable for contributions

under the Unemployment Compensation Act, we stated that despite the negation of an employer-employee relationship in the agreement there was sufficient exercise of control over the drivers to justify a finding of employment status under the Unemployment Compensation Act. True, "employment" was specifically defined in that act, but the ultimate determination came from the totality of the circumstances surrounding the transactions.

The finding of the Department that plaintiff exercises almost complete control over the boys is justified. Its holding that the relationship of the parties is either employer-employee or principal-agent rather than categorizing the status of the boys as independent contractors is not contrary to the manifest weight of the evidence. No citation of authority is required for the familiar rule that the finding of an administrative agency will not be disturbed unless it is contrary to the manifest weight of the evidence.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*